UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH R. REID, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 1:16-cv-01403 |
| v. | (RAMBO, J.) |
| WARDEN J. EBBERT, et al., | (SAPORITO, M.J.) |
| Defendants. | |

*FILED WILKES BARRE NOV 08 2016 Per MS*

## MEMORANDUM

This matter comes before the Court on a motion by one of the plaintiffs, Eric Houston,[1] for leave to proceed *in forma pauperis* ("IFP") in this action. (Doc. 6). For the reasons stated herein, we will deny the plaintiff's motion and order him to pay the applicable filing and administrative fees in full or face his dismissal from this multiple-plaintiff action.

I. BACKGROUND

On July 7, 2016, the Court received a *pro se* complaint naming

---

[1] Houston is currently incarcerated as Inmate No. 204320 at Bledsoe County Correctional Complex, located in Pikeville, Tennessee. Previously, including at the time of filing of this civil action, Houston was a federal prisoner incarcerated under BOP Register No. 16891-074 at USP Lewisburg, located in Union County, Pennsylvania.

several federal prisoners incarcerated at USP Lewisburg as co-plaintiffs, and several USP Lewisburg supervisory, correctional, and medical staff members as defendants. (Doc. 1). The complaint asserted the violation of the several plaintiffs' federal constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*Id.*). Shortly after filing of the complaint, Houston submitted a motion for leave to proceed IFP in this action. (Doc. 6).

In his motion, Houston has acknowledged that he is subject to the "three strikes rule" set forth in 28 U.S.C. § 1915(g) because he has previously brought three or more federal actions or appeals that were dismissed as frivolous, as malicious, or for failure to state a claim. He further asserts, however, that he is permitted to proceed IFP pursuant to a narrow exception to the "three strikes rule" that applies when a prisoner is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). We disagree.

## II. Discussion

Plaintiff Eric Houston is barred from proceeding IFP pursuant to the "three strikes rule" set forth in 28 U.S.C. § 1915(g), and he has failed to demonstrate that he was under imminent danger of serious physical injury

at the time the complaint was filed.

The statutory text of the "three strikes rule" provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

### A. The Plaintiff's Prior "Strikes"

The Third Circuit has discussed the appropriate standard for evaluating the accrual of "strikes" under 28 U.S.C. § 1915(g).

> [A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is "frivolous," "malicious," or "fails to state a claim" or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissal for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "It is the plaintiff's burden to prove entitlement to IFP status." *Robert v. Walls*, Civil Action No. 11-234, 2011 WL 1599652, at *1 (W.D. Pa. Mar. 14, 2011).

In his motion papers, Houston has admitted that he is ordinarily

barred from IFP status by the "three strikes rule," but his motion does not identify any of these cases. In light of the relatively recent narrowing of the applicable § 1915(g) standard under *Byrd*, we have independently confirmed that Houston has accrued at least three "strikes" based upon a review of publicly available federal court records. First, the plaintiff accrued a strike for the *sua sponte* dismissal of his complaint "as frivolous and for failure to state a claim" in *Houston v. Unnamed Defendant*, Case No. 3:02-cv-00517 (E.D. Tenn. dismissed Sept. 17, 2002). Second, the plaintiff accrued a strike for the *sua sponte* dismissal of his complaint "as legally frivolous" in *Houston v. Ursiak*, Case No. 1:06-cv-01045 (M.D. Pa. dismissed June 30, 2006). Third, the plaintiff accrued a strike for the *sua sponte* dismissal of his complaint for "failure to state a claim upon which relief may be granted" in *Houston v. Medina*, Case No. 6:13-cv-03133 (W.D. Mo. dismissed Apr. 26, 2013). There may be other cases as well, as we ceased our review upon conclusive identification of a third strike. Houston has filed a raft of federal lawsuits while incarcerated.

The instant action was filed on July 7, 2016, well after Houston had accrued three strikes under 28 U.S.C. § 1915(g). As a result, he is not entitled to proceed without prepayment of fees unless he was "under

imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

**B. The Imminent Danger Exception**

"The Act provides a limited exception to [the three strikes] rule when a prisoner is in 'imminent danger of serious physical injury,' which serves as a 'safety valve' to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee." *Brown v. Lyons*, 977 F. Supp. 2d 475, 481 (E.D. Pa. 2013). Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations. *Gibbs v. Cross*, 160 F.3d 962, 966–67 (3d Cir. 1998). Moreover, "a prisoner claiming that she is in imminent danger of serious physical harm must make specific and credible allegations to that effect." *Ball v. Famiglio*, 726 F.3d 448, 470 (3d Cir. 2013) (internal quotation marks and alterations omitted), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015). "When considering whether imminent danger of physical injury has been alleged, courts may reject 'vague' or 'conclusory' allegations as insufficient to provide a basis for IFP status." *Brown*, 977 F. Supp. 2d at 483 (citing *Famiglio*, 726 F.3d at 468).

"[A] prisoner may invoke the 'imminent danger' exception only to

seek relief from a danger which is 'imminent' at the time the complaint is filed." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc). "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *Id.* at 315. "Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" *Id.* at 313. Moreover, "even if an alleged harm may in fact be 'impending,' it does not satisfy this exception if it does not threaten to cause 'serious physical injury.'" *Brown*, 977 F. Supp. 2d at 483 (citing 28 U.S.C. § 1915(g)).

Reviewing the complaint and other submissions, it is clear that no imminent danger to Houston has been alleged. In his motion papers, Houston wrote: "I've already suffered physical injury here, and I have been told by a number of Lewisburg staff members that I will be sorry for my action (referring to my involvement [in] this law suit)[.]" (Doc. 6, at 2). The complaint itself contains only vague and conclusory allegations of unfair and abusive conduct toward largely unspecified "inmates" by largely unspecified members of the prison staff; no specific or credible facts are alleged with respect to any imminent harm to Houston himself. Attached to the complaint is a one-page "affidavit" by Houston in which he alleges

that "deadly weapons *i.e.* restraints" were used on him and caused "life threatening *i.e.* injuries," without any further detail. (Doc. 1, at 20). But these vague, conclusory, and generalized allegations of past injury are insufficient to demonstrate any imminent danger at all, much less one that threatens to cause serious physical injury to Houston. *See Abdul-Akbar*, 239 F.3d at 315 n.1; *Famiglio*, 726 F.3d at 468, 470; *Brown*, 977 F. Supp. 2d at 483.

The plaintiff has not alleged sufficient specific and credible facts, either in the complaint or in his subsequent motion papers, to establish that he was "under imminent danger of serious physical injury" at the time the complaint was filed. *See Abdul-Akbar*, 239 F.3d at 312. Accordingly, his claims do not fall within the scope of the "imminent danger" exception to the "three strikes rule" stated in 28 U.S.C. § 1915(g), and he is statutorily barred from proceeding *in forma pauperis* in this action.

### III. CONCLUSION

Based on the foregoing, plaintiff Houston's motion for leave to proceed *in forma pauperis* (Doc. 6) shall be denied, and the plaintiff shall be ordered to pay the applicable filing fee in full within thirty days of the

date of the accompanying Order or dismissal of this action will be recommended.

An appropriate Order follows.

Dated: November __8__, 2016

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge