IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH R. REID, et al.,** | : | Civil No. 1:16-cv-1403 |
| Plaintiffs, | : | |
| v. | : | |
| **WARDEN J. EBBERT, et al.,** | : | |
| Defendants. | : | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Before the court is a report and recommendation by Magistrate Judge Saporito in which he recommends dismissal of the majority of claims and defendants in this action, but also recommends permitting several claims to go forward. Both the remaining plaintiff and the defendants have filed objections to the report. For the reasons set forth below, the court will grant the defendants' objections and dismiss the complaint in its entirety, thereby adopting in part and denying in part the report and recommendation.

## **I.    Background**

Plaintiff Kenneth Reid ("Reid") is one of three remaining inmate plaintiffs formerly or currently incarcerated at USP Lewisburg who initiated this *Bivens*[1] action alleging that twenty defendants violated the Eight Amendment by applying restraints to him in a tortuous, retaliatory and punitive manner. (Doc. 2). Reid further

---
[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

alleges that 200 series incident reports were fabricated and resulted in his placement in restraints, and he was thereafter denied food, toilet use, and water. He also alleges that restraint checks documented in the medical records were falsified.

Defendants have filed a motion to dismiss Reid's complaint, which was subsequently converted to a motion for summary judgment, and Reid has opposed the motion. On August 28, 2018, the magistrate judge issued his report and recommendation, in which he recommended dismissal of the following claims: (1) Reid's claims against Defendants Ebbert, Mitterling, Barner, Fasciana, Potter, Lupold, Barth, Hartzel, Fahringer, Dees, Shirk, Kemmerer, Saylor, Condozer, White, Miller, Seeba, Davis, Holzapple, Jusino, Womeldorf, Taggart and Konkle for Reid's failure to allege personal involvement; (2) all *Bivens* claims regarding falsification of Incident Reports by Defendants Lytle, Marr, Bilinski, Scott, Rummel, Stugart, and Hackenberg, due to the Favorable Termination Rule; (3) Reid's claims pursuant to federal criminal statutes and the Universal Declaration of Human Rights. (Doc. 130, p. 82.) The Magistrate Judge also recommended judgment in Defendants' favor regarding: (1) Reid's claims related to the June 20, 2016 incident, due to failure to exhaust administrative remedies; (2) Gaines' claims due to his failure to prosecute; and (3) Burnett's claims, due to his failure to prosecute. (*Id.* at pp. 82-83.) The Magistrate Judge then stated that, "[a]s to the remaining claims, there are disputed issues of material fact regarding alleged abuse by specific

guards, denial of proper medical care, and falsification of complaints by guards." (*Id.* at p. 83.)

On September 25, 2018, Defendants filed objections to the report and recommendation, arguing that the magistrate judge erred by not recommending dismissal in its entirety based on the Prison Litigation Reform Act and the Favorable Termination Rule. (Doc. 142). Reid has also responded to the report and recommendation, filing a "Motion of Rebuttal to the Report and Recommendation" and "2nd Rebuttal to Report and Recommendation." (Docs. 133, 135.) However, he raises no specific objections to the report, but rather reiterates his displeasure in not having the merits of his complaint addressed and not having counsel appointed.[2] (*Id.*)

## II. **Legal Standard**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v.* Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v.*

---

[2] Because Reid fails to raise any specific objections to the report and recommendation, the court will not address his filings in further detail.

3

*Apfel*, 115 F. Supp. 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nonetheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31.

### III. Discussion

In his report and recommendation, the magistrate judge undertook a thorough analysis of the Bureau of Prisons' ("BOP") Administrate Remedy Program, noting that the Prison Litigation Reform Act requires courts to consider compliance with the BOP's Administrative Remedy Program as a prerequisite to a successful lawsuit involving claims arising out of incarceration. (Doc. 130, pp. 23-25.) The magistrate judge then examined each of Reid's administrative remedies and recommended the dismissal of many claims, as specifically outlined above, for failure to exhaust

4

administrative remedies. The court agrees with his recommendation in this regard and will dismiss those claims. The magistrate judge also correctly applied the Favorable Termination Rule in recommending dismissal of claims that Defendants Lytle, Marr, Billinski, Scott, Rummel, Stugart and Hackenberg falsified incident reports. As he recognized, an "award of damages with respect to [those] claims would necessarily implicate the validity of the underlying disciplinary proceedings," and therefore those claims will also be dismissed. (Doc. 130, p. 62.) However, upon review of the report and recommendation, and consideration of Defendants' objections, the court finds that the magistrate judge erred in not recommending dismissal of all claims for failure to exhaust administrative remedies and subsequent failure to establish that decisions made through the inmate discipline program were invalid, pursuant to the Favorable Termination Rule.

As Defendants outline in their objections to the report and recommendation, Reid made the following allegations regarding Defendants Seroski, Rummel, Lytle, Stugart, Hackenberg, Marr, Scott and Bilinski that the magistrate judge did not clearly indicate should be dismissed:

- On December 4, 2015, Defendant Stugart asked Officer Holmes to block the nearest security camera while pulling down on Reid's cuffs and threatening him.

- On December 4, 2015, Defendant Stugart pulled downward on his handcuffs while Reid was restrained. (Doc. 1, p. 46);

5

- On December 4, 2015, or sometime shortly after, Defendant Rummel made verbal threats toward Reid. (*Id.*);

- Following the December 4, 2015 incident, Defendant Stugart fabricated an incident report alleging that Reid assaulted him. (Doc. 1, p. 47);

- Following the December 4, 2015 incident, Reid refused to attend a hearing for disciplinary action related to the incident, and that during that hearing, Defendant Marr "falsified ['incriminating'] statements." (Doc. 1, p. 13);

- On February 10, 2016, in retaliation for Reid accusing Defendant Lytle of racism, Defendants Lytle and Scott filed two incident reports falsely accusing Reid of disobeying an order and making threats against a corrections officer.

- Defendants used the false incident report to justify placing him in too tight four-point restraints in which he remained for approximately three days. (Doc. 1, p. 34, 44);

- Defendant Scott failed to employ avoidance techniques prior to the February 10, 2016 incident, and placed Reid in four-point restraints;

- Defendant Scott stopped by Reid's cell to re-tighten the already restricting restraints. (*Id.*);

- On June 20, 2016, Defendant Bilinski retaliated against Reid (after Reid cursed at Bilinski for looking at Reid's penis and for the complaints he made against Hackenberg, Rummel and Lytle) by filing a false incident report against him for indecent exposure and committing a sexual act. (Doc. 1, p. 18); and

- On May 11th, 18th and 19th of 2016, Reid spoke with Seroski, complained about his jaw injuries and gave her a "COPOUT" on his numbness in his hands and wrist. (Doc. 1, p. 32).

(Doc. 142, pp. 3-5.)

As the magistrate judge correctly found, Reid has only exhausted two administrative remedies relevant to this action: AR852610 and AR848378. In the first exhausted administrative remedy, AR848378, Reid complained that, "on December 4, 2015, he was put into restraints and suffered nerve damage." (Doc. 130, p. 30.) In the second exhausted administrative remedy, AR852610, which Reid filed on February 23, 2016, Reid states:

> Staff refuse to let me be seen by a Doctor (AW). I have cuts, bruises on my arms, legs, ankles, wrist caused by the staff's misapplication of restraints in violation of PS 5566.05. My hands swoll [sic] up and my ankles are swollen. This occurred on 2-10-16 and today is 2-21-16 and I have not seen a Doctor or PA or anybody. My ankle is infected (both) and my wrist are scard [sic] bad. Several officers have seen my injuries…that were caused by 4-point restraints, ambulatory restraints. I am requesting to see a Doctor for the infection in my ankles that was caused by the misapplication of 4-point restraints medical refused to accurately, properly document my injuries caused by the restraints.

(Doc. 89, ¶ 11a.)

Only claims that arose out of these two administrative complaints could be viable as exhausted. Accordingly, all claims not properly included within these complaints will be dismissed for failure to exhaust. As to the remaining allegations contained within the administrative remedies, they will be dismissed pursuant to the Favorable Termination Rule because Reid has not demonstrated, through administrative appeal or writ of habeas corpus, that the decisions made through the disciplinary proceedings were invalid. Finally, Reid asserts general allegations in

7

both administrative remedies that must be dismissed. As the magistrate judge recognized, Reid must allege personal involvement to pursue a *Bivens* claim against a Defendant. Thus, the remaining claims will be dismissed as they do not identify any particular defendant.

Specifically, the court finds as follows:

1) The remaining claims against Defendant Scott involving failure to employ avoidance techniques and placing Reid in four-point restraints will be dismissed because they do not appear in either AR852610 or AR 848378.

2) The remaining claims against Defendant Lytle will be dismissed because the lone allegation against him is that he fabricated an incident report on February 10, 2016, and, as the magistrate judge found, the Favorable Termination Rule requires dismissal of such claims where a disciplinary ruling already adjudicated underlying claims.

3) The remaining claims against Defendant Bilinski will be dismissed pursuant to the Favorable Termination Rule as the lone allegation against him is that he fabricated an incident report on June 20, 2016, and further because all claims involving the June 20, 2016 incident will be dismissed based on the magistrate judge's recommendation.

4) The remaining claims against Defendant Marr will be dismissed pursuant to the Favorable Termination Rule as the lone allegation remaining against him

is that he provided false statements to the hearing officer following Reid's December 4, 2015 placement in restraints.

5) The remaining claims against Defendant Hackenberg will be dismissed because the lone allegation remaining against him is that a fabricated incident report materialized on his behalf following the June 2016 application of restraints to Reid, and this claim does not appear in AR852610 or AR 848378.

6) The remaining claims against Defendant Seroski involving fabricating incidents involving Reid and speaking to him about his injuries will be dismissed because they did not appear in AR85610 or AR848378.

7) The remaining claims against Defendant Stugart will be dismissed because the lone allegation against him involves placing Reid in hand restraints and Reid does not refer to any such incident in AR85610 or AR848378.

8) The remaining claims against Defendant Rummell relating to his making verbal threats toward Reid will be dismissed because such an allegation does not appear in either AR85610 or AR848378.

Accordingly, the court will adopt the report and recommendation insofar as it recommends dismissal of claims and will deny it insofar as it suggests permitting the above referenced claims to proceed.

## IV. **Conclusion**

For the reasons set forth above, the report and recommendation will be adopted in part and dismissed in part, and the court will grant all defendants summary judgment.

                                          s/Sylvia H. Rambo
                                          SYLVIA H. RAMBO
                                          United States District Judge

Dated: January 10, 2019